Johnson, C. J. This was an action instituted in. the Phillips ■circuit court by the State, at the instance, and for the use, of John Brown, against Clement Brown, as the administrator of Jacob Hackler, deceased, and Benjamin A. Porter and Sidney P. Craig, as his securities. The first count charges, by way of a breach of the bond, that the plaintiff had recovered against Brown, as such administrator, in the circuit court of Phillips, the sum of three hundred and sixty dollars, and that, though said administrator had received property belonging to said estate of the value of two hundred and thirty-three dollars and thirty-seven and one-fourth cents, and though often requested to pay the sum so received, he had and still refused to do so. John Brown, the real plaintiff, seeks in this count to enforce a demand which he claims in his own individual right and not as the representative of all persons interested in the estate. For the purposes of this count we consider the exposition of the law as given by this court in the case of Outlaw et al. vs. Yell, Governor, 5 A. R., 472, 473, as fully sufficient: “The judgment in the circuit court ascertained and established the claim, and the probate court ascertains the amount of the fund and fixes the order of its appropriation in satisfaction of such claim. We are not here required to decide whether, under any circumstances, the circuit court would be permitted to execute its own judgments in such cases, as this question is not raised by the record. We only intend to say that no action can be maintained upon the bond for the non-payment of the judgment of the circuit court without the judicial ascertainment in the probate court of the sufficiency of the assets and their liability in satisfaction of the debt.” By sections from 121 to 125, inclusive, page 87, Rev. Slat., the probate court is authorized and required to make settlement with the administrator, ascertaining the amount of debts legally exhibited against the estate, and the amount of assets in his hands for their satisfaction, to make an appropriation of them to the debts, and order the administrator to pay them in ten days. This seems to be necessary to fix his liability to pay the debts. The order of the court for that purpose makes it a duty of the administrator, for a breach of which an action may be maintained on his bond, under section 171. The first act which seems to fix his liability, is the refusal to pay in obedience to the order of the court. As there are facts necessary to make the administrator personally liable, they must be alleged and •established before the securities can be reached. This we conceive to be a clear deduction from the several provisions of the ■statute upon that subject. If this interpretation of the administration law be sound and sensible, and that it is we do not entertain a single doubt, it is then manifest that the first count is palpably defective, and that it does not exhibit even the semblance of a cause of action. The second and third counts seem to have been predicated upon the one hundred and seventy-first sec. of the fourth chap, of Rev. Stat. This section provides that “the bond of any executor or administrator may be sued on at the instance of any legatee, distributee, creditor, or other person interested, in the name of the State, to the use of such legatee, distributee, creditor, or other person interested, for any mismanagement, waste, or other breach of the condition of such bond, and the party to whose use suit is brought shall have judgment against the executor or administrator, and his securities, for the whole value of the estate mismanaged, or wasted, with costs of suit; and the amount so recovered shall be distributed by the court of probate in the same manner as if the same had been accounted for by the executor or administrator.” These two latter counts do not seek to subject the administrator, and his securities, to the payment of any specific sum, which it is alleged has been recovered against him by the plaintiff, but simply charge him with a neglect of duty, and seek to fix their liability for such damages as all persons in the estate may have sustained. The point to be determined here is as to the sufficiency of the breaches assigned by these two counts. The breaches are in general terms: First, that the administrator had not made, or caused to be made, just and true accounts of his administration ; and, secondly, that he had not made due and proper settlements thereof from time to time, according to law, or the lawful order, sentence, or decree, of the probate court of Phillips county, and then concludes to his own damage, and also to the damage of the other creditors of the estate of the said Jacob Hackler. We think that where a party merely seeks to subject the administrator, and his securities, to damages consequent upon his failure to account and settle according to the conditions of his bond, that it is all-sufficient to charge him in the language used by the law creating the obligation. The defendant cannot complain that the particular failure is not specifically set out and the amount of damage sustained is not directly and expressly charged, as he has nothing to do until his liability is fully made out and the damage which has accrued is clearly established by proof. In strictness the statute would require, that the party at whose instance suit is instituted, in case the law is put in motion by either of the beneficiaries specified in the act for the benefit of all, that the particular character in which he presents himself should be expressly set forth in the commencement of the declaration. It does not appear in this case at whose instance the State has instituted her suit, until we have reached the conclusion of the declaration: there it is that he represents himself as a creditor of the estate, and though perhaps substantially sufficient for the purposes of the law, yet it is not strictly and technically correct, and if not absolutely requisite it would certainly be desirable to have the precise character of the interest to appear in the begining of the declaration. We are of opinion, therefore, that the circuit court committed no error in the disposition which it made of the demurrer interposed to the declaration. This brings ms to the only remaining question to be determined, and that is, whether the circuit court erred or not in overruling the motion for a new trial. The bill of exceptions purports to contain all the evidence offered upon the trial, and it is upon the sufficiency of this testimony to sustain the verdict of the jury that the decision must necessarily turn. In order to have entitled the State to a recovery upon either of the last counts, it was necessary that she should have shown either a failure to make just and true accounts of his administration, or due and proper settlements of the estate. The testimony adduced before the jury utterly failed to establish either of the breaches charged in the two last counts. The whole case made by the evidence offered merely went to show that the administrator filed an account current, which, after due notice, was confirmed by the court, and that, after deducting his claims against the estate, left a balance against him. This circumstance most certainly could not fix any liability upon the administrator or his securities. It did not appear that he had been guilty of any breach of legal duty, and consequently it could not be made to appear that any damages whatever had accrued to the plaintiff. It devolved upon the plaintiff, in order to entitle her to a recovery iipon either count, to have shown not only a failure to make just and true accounts of his administration and due and proper settlements, but also to have shown what amount he retained in his hands, and for which he failed to account, or charge himself with in his settlements with the court. Upon both of these points the testsmony is wholly silent, and, as a matter of course, there is an utter failure td establish any liability whatever. It is manifest, therefore, that the defendant below was entitled to have the verdict set aside as being without evidence to support it, and consequently the circuit court erred in overruling his motion. The judgment of the circuit court is therefore reversed, and the cause remanded to be proceeded in according to 'law and not inconsistent with this opinion.